**No. 46556.**—Protest 42651–K of T. D. Downing Co. (Boston).

Opinion by KEEFE, J. In accordance with stipulation of counsel that the merchandise is amorphous graphite the same as that the subject of *Starkey* v. *United States* (6 Cust. Ct. 118, C. D. 444) the protest was sustained.

**No. 46557.**—Protests 63877–K, etc., of Asbury Graphite Mills (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel that the merchandise is amorphous graphite the same as that the subject of *Starkey* v. *United States* (6 Cust. Ct. 118, C. D. 444) the protests were sustained.

**No. 46558.**—Protest 8259–K of Swift & Co. (Los Angeles).

Opinion by KEEFE, J. There was a question as to whether the letter "D" was embossed on these particular drums in question to signify that they were drawback drums, in compliance with various regulations of the Treasury Department. Several witnesses were called. The Government admitted the evidence established that the 10 drums in question were not embossed with the letter "D" but contended that there is no proof that the manufacturers complied with the requirements of the Treasury Department. From the evidence it was held that these drums are clearly not included in the requirement as having been made from foreign materials and being marked to indicate the payment of drawback, and that since they were not so marked no drawback was claimed thereon. The drums were exported as containers of lubricating oil and it was held that such oil has been consistently held to come within the meaning of "acids or other chemicals." From a consideration of the entire record the court was of the opinion that the drums are entitled to free entry as American goods returned and that no drawback has been paid. The protest was therefore sustained as to the 10 drums in question.

**No. 46559.**—Protest 979165–G of W. X. Huber Co. (Los Angeles).

Opinion by KEEFE, J. At the hearing the case was submitted on the official papers including the weigher's return. From the record the court was unable to find anything to disturb the correctness of the collector's action. The protest was therefore overruled.